

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2006

# Sims v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1163

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sims v. Vaughn" (2006). *2006 Decisions.* Paper 718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-272                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1163
_____

BOBBIE LEE SIMS, JR.,

Appellant,

v.

DONALD T. VAUGHN, SUPERINTENDENT; M. ARROYO,
DEPUTY SUPT.; T. DOLMAN, CAPTAIN; TONY WOLFE;
JEFF BOYER; GARY OLINGER; MARY CANINO

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-01910)
District Judge: Honorable Eduardo C. Robreno

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
July 7, 2006

Before: FUENTES, VAN ANTWERPEN AND CHAGARES, CIRCUIT JUDGES

(Filed: July 21, 2006)
_____

OPINION
_____

PER CURIAM

       Bobbie Lee Sims, Jr., appeals from a District Court order granting summary

judgment in favor of the Defendants.  Because we determine that the appeal lacks

arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Sims is presently imprisoned at SCI-Houtzdale. This action arises from circumstances which arose while Sims was incarcerated at SCI-Graterford in 2003. In February 2003, Sims was ordered to produce a urine sample for drug testing. Sims did not produce a sample after officials waited two-and-a-half hours. Sims told a prison officer conducting the test to give him a misconduct because he could not produce a urine sample. After failing to produce a urine sample, Sims asked to be given a misconduct. A misconduct hearing was subsequently held by Defendant Mary Canino. At the hearing, Sims alleged that he did not refuse to give a sample, but rather, could not produce a urine sample due to various medical ailments.[1] A prison nurse testified that Sims' medical ailments should not have prevented him from producing a urine sample in the two-and-a-half hour time period. Canino found Sims guilty of failing to obey an order (produce a urine sample) and sentenced Sims to ninety days of custody in the restricted housing unit ("RHU"). Sims also lost his prison job and had his visiting privileges restricted. All levels of the prison appellate process upheld Canino's decision.

Sims was released from the RHU after serving sixty-seven days in April 2003. In May 2003, prison officers searched Sims' cell. They found papers which they suspected were related to gambling. They also found a large amount of cigarettes. Sims was charged with gambling, presence of contraband and failing to report the presence of

---

[1] Specifically, Sims alleged that he was unable to urinate because he is a diabetic, suffers from Hepatitis C, is elderly, did not drink anything for hours and had urinated immediately before the urine sample was ordered.

contraband.  Before a full misconduct hearing was held, Sims was transferred to SCI-Houtzdale.[2]

Sims filed this complaint in May 2004, pursuant to 42 U.S.C. § 1983.  His claims arise from the disciplinary actions and proceedings detailed above.  He alleges that all of the Defendants violated his due process rights.  Specifically, Sims argues that his due process rights were violated when he was placed in the RHU as well as when he was transferred to SCI-Houtzdale.  Additionally, Sims asserts that Defendants Thomas Dohman[3] and Canino unlawfully retaliated against him.  The District Court granted summary judgment in favor of the Defendants on all claims.  Sims timely filed a notice of appeal.

We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291.  Our review is plenary.  See McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005).  With respect to the due process claims, Sims argues that he was not allowed to call all of his witnesses at his misconduct hearing.  Additionally, he asserts that the nurse who testified at his misconduct hearing was not qualified to testify as to his medical conditions.  He also argues that his due process rights were violated because a proper and meaningful review was not conducted during the prison appeal process.

In this case, Sims' due process protection is "limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on [Sims] in

---

[2] Ultimately, Canino dismissed this charge without prejudice.

[3] Dohman is a captain in the Internal Security Department of SCI-Graterford.

relation to the ordinary incidents of prison life.'" Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(quoting Sandin v. Conner, 515 U.S. 472, 486 (1995)). Sims' confinement in the RHU for a period of sixty-seven days does not state a cognizable liberty interest. See Griffin, 112 F.3d at 708 (stating confinement in administrative custody of fifteen months did not exceed parameters of inmate's sentence). Additionally, Sims' transfer to another facility does not trigger the Due Process Clause. See Meachum v. Fano, 427 U.S. 215, 225 (1976); see also Asquith v. Dep't of Corr., 186 F.3d 407, 410 (3d Cir. 1999). Therefore, Sims' due process claims lack arguable merit.[4]

Regarding the retaliation claims, Sims must show: (1) constitutionally protected conduct; (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Even if a causal link is satisfied, a defendant can still prevail if he shows that the same action would have been taken in the absence of the protected activity. See Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001).

Sims asserts that Dohman forced him to produce a urine sample, arranged for the search of his cell and ultimately arranged Sims' transfer to SCI-Houtzdale. In this case, the urinalysis and search of Sims' cell are generally acceptable prison practices.

---

[4] To the extent that Sims raises an equal protection claim, Sims does not allege nor does he adduce facts that similarly situated prisoners were treated differently.

The misconducts issued and the subsequent prison transfer were the result of evidence obtained by prison officials against Sims while he was imprisoned at SCI-Graterford.

With respect to Canino, Sims previously filed suit against Canino. See Sims v. Dragovich, Civ. No. 95-cv-06753. He argues that her decision to transfer him to the RHU was retaliatory for this previous lawsuit. We first note that the suit against Canino was decided several years before Sims' filed this complaint. Cf. Rauser, 241 F.3d at 334 (noting relevance of temporal proximity in helping to establish a causal link). Furthermore, as noted by the District Court, Canino would have made the same decision based upon the evidence even if Sims could establish a causal link. For these reasons, Sims' retaliation claims against Dohman and Canino lack arguable merit.

In sum, we conclude that summary judgment was properly entered in favor of the Defendants. Because this appeal lacks arguable merit, we will dismiss it under § 1915(e)(2)(B).